## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FLOYD SELTZER, JR.,** | : | No. 3:24cv1142 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **SOUTH MANHEIM TOWNSHIP, by** | : | |
| **and through their elected officials,** | : | |
| **JOHN BRENNAN, SALVADOR** | : | |
| **INGAGLIO, and CHRISTY JOY and** | : | |
| **ROADMASTER KERBY LEWIS** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>MEMORANDUM</u>

Plaintiff Floyd Seltzer, Jr. alleges that the roadmaster in his rural community destroyed portions of his property after the plaintiff attended public meetings and criticized township supervisors. Contending that the township, the township supervisors, and the roadmaster violated his constitutional rights, Seltzer filed this action asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983") and state law. (Doc. 1, Compl.). The defendants responded with a motion to dismiss for failure to state a claim, which is ripe for a decision. (Doc. 9).

**Background**

Seltzer's complaint alleges that, in 2012, he purchased a property along Schuylkill Mountain Road in South Manheim Township.[1] (Doc. 1, ¶ 11). Subsequently, the plaintiff began attending township meetings.  He raised concerns with the township's expenditures and complained about how the defendant township supervisors in this case exercised their duties as elected officials. (Id. ¶ 12).  After speaking out, Seltzer alleges that the township targeted his property and destroyed his landscaping by and through the acts of its roadmaster, Defendant Corby Lewis.[2]  (Id. ¶ 13).

Seltzer also complained about the damage to his property and sought answers from the supervisors at a public meeting. (Id. ¶¶ 14-16).  Defendants allegedly advised Seltzer that weeds on his property were creating a safety hazard and that the impacted portions were within the township's right-of-way. (Id. ¶ 14).  Per Seltzer, when he inquired as to whether anyone complained about his property, the defendants admitted that no complaints had been received. (Id. ¶¶ 15-16).  Seltzer further alleges that his elected officials did nothing to address the damage to his property. (Id. ¶ 27).  Instead, "the situation…only continued

---

[1] At this stage of the proceedings, the court must accept all factual allegations in the plaintiff's pleadings as true.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)(citations omitted).  The court makes no determination, however, as to the ultimate veracity of these assertions.

[2] The court uses the corrected spelling of Defendant Lewis's first name in this memorandum.

2

and persisted." (Id.)  Per the plaintiff, other landowners along Schuylkill Mountain Road maintain fences and shrubbery "well within" the township's claimed right-of-way, but his municipality has not removed those appurtenances or damaged those other properties. (Id. ¶¶ 17-18).

In addition to South Manheim Township, Seltzer named John Brennan, Salvador Ingaglio, and Christy Joy as defendants.  Seltzer alleges that they are his township's elected officials. (Id. ¶ 7).  Although not explicitly stated, the court can reasonably infer from Seltzer's allegations that these defendants are members of South Manheim Township's board of supervisors, and that South Manheim Township is a township of the second class under Pennsylvania law. See 53 PA. STAT. § 65601.

Additionally, Seltzer named Corby Lewis as a defendant in this action. Per the plaintiff, Defendant Lewis was, at all relevant times, the duly appointed and acting roadmaster of the township. (Doc. 1, Compl. ¶ 8).  Under Pennsylvania law, a township board of supervisors may employ one or more roadmasters, and roadmasters are subject to removal by the board.  53 PA. STAT. § 67301.  Seltzer sues South Manheim Township's supervisors and its roadmaster, Defendants Brennan, Ingaglio, Joy, and Lewis, in their individual and official capacities. (Id. ¶ 9).

Based on the above allegations, Selzer asserts seven (7) claims in his complaint: 1) a Section 1983 claim against all defendants for violating his First and Fourteenth Amendment rights, (Id. ¶ 23-33); 2) a Section 1983 municipal liability claim against South Manheim Township, (Id. ¶¶ 34-40); 3) a state law claim for intentional infliction of emotional distress ("IIED") asserted against all defendants, (Id. ¶¶ 41-46); 4) a state law claim for negligent infliction of emotional distress ("NIED") asserted against all defendants, (Id. ¶¶ 47-51); 5) a state law negligence claim arising from the township's alleged failure to train Defendant Lewis, (Id. ¶¶ 42-59); 6) a *respondeat superior* claim against the township for the negligence of Defendant Lewis, (Id. ¶¶ 60-63); and 7) a negligent supervision, retention, and training claim against the township arising out of its employment of Defendant Lewis, (Id. ¶¶ 65-67).

Defendants move to dismiss all claims, focusing on the factual sufficiency of Seltzer's allegations. As an alternative, the defendants' motion also asserts the defense of qualified immunity on behalf of Defendants Brennan, Ingaglio, Joy, and Lewis. Having been fully briefed by the parties, the motion to dismiss is ripe for disposition.

**Jurisdiction**

Because Seltzer brings this case pursuant to Section 1983, the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**Legal Standard**

Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when factual content is pled that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. (citing Twombly, 550 U.S. at 570).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

5

On a motion to dismiss for failure to state a claim, district courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. See Phillips, 515 F.3d at 233 (citations omitted).

**Analysis**

**1. Seltzer's Section 1983 Claims**

Seltzer's first claim alleges that all defendants violated his First and Fourteenth Amendment rights.  Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983.  Section 1983 does not, by its own terms, create substantive rights.  Rather, it provides remedies for deprivations of rights established elsewhere in the Constitution or federal law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).

To establish a claim under Section 1983, two criteria must be met.  First, the conduct complained of must have been committed by a person acting under color of state law. Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir. 1998). Second, the conduct must deprive the plaintiff of rights secured under the Constitution or federal law. Id.  Here, no question exists as to whether

the defendants acted under color of state law.  The only question is whether the defendants violated plaintiff's constitutional rights.

### a. Seltzer's First Amendment Retaliation Claim

Seltzer alleges that the defendants retaliated against him for exercising his First Amendment rights at township meetings.  To plead a plausible First Amendment retaliation claim, Seltzer must allege: 1) that he engaged in constitutionally protected conduct; 2) that he experienced retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and 3) a causal link between the constitutionally protected conduct and the retaliatory action.  Thomas v. Indep. Twp., 463 F.3d 285, 296 (3d Cir. 2006).

The plaintiff avers that he often challenged the governance of his township by speaking out at public meetings. Those facts implicate the First Amendment's Speech Clause and Petition Clause.  See Borough of Duryea, Pa. v. Guarnieri, 564 U.S. 379, 388 (2011).

According to Seltzer's allegations, the township roadmaster, Defendant Lewis, targeted his property and destroyed his landscaping following the plaintiff's criticism of township officials.  "[W]hether an act is retaliatory is an objective question[,]" Mirabella v. Villard, 853 F.3d 641, 650 (3d Cir. 2017), and generally a question of fact, see Thomas, 463 F.3d at 296.  Furthermore, the applicable standard for retaliation looks to the "person of ordinary firmness" and

does not ask whether the plaintiff himself was deterred. See Mirabella, 853 F.3d at 650.  This standard controls even where the plaintiff is an "unusually hardy" speaker. Id.  Although Seltzer's allegations imply that he has not been deterred from speaking out, his other allegations advance that the defendants targeted his property for "safety reasons" because of such outspokenness. Viewing the facts in a light most favorable to Seltzer, a person of ordinary fitness would be deterred from exercising their First Amendment rights following the actions alleged. Seltzer's complaint thus sets forth sufficient facts regarding the first two elements of a First Amendment retaliation claim.

As for the third and final element, causation, the defendants argue that the complaint's insufficient allegations about timing warrant dismissal.   After review of the entire complaint, Seltzer's pleading sufficiently alleges a causal connection.

Under the law, "unusually suggestive" temporal proximity may prove causation all by itself. See Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016); Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007)(citations omitted).  Seltzer alleges that after the 2012 purchase of his property, he would "often" attend meetings and raise various concerns. (Doc. 1, ¶ 12).  Seltzer also avers that "after attending these meetings" the defendants

targeted his property. (Id. ¶ 13).  These allegations set forth a vague timeline, which does not on its own suggest a causal link.

Alternatively, however, a plaintiff may demonstrate causation with a pattern of antagonism coupled with timing that suggests a causal link. Watson, 834 F.3d at 422 (citing Lauren W., 480 F.3d at 267).  This second method evaluates timing plus other evidence taken from the record as a whole. See id. at 424 (citing Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281 (3d Cir. 2000)).  Because a plaintiff may marshal other evidence to establish causation in addition to evidence of timing, "there is not a bright line rule limiting the length of time that may pass between a plaintiff's protected speech and an actionable retaliatory act by a defendant." Conard v. Pennsylvania State Police, 902 F.3d 178, 184 (3d Cir. 2018)(citation omitted).

Here, Seltzer alleges that South Manheim Township, by and through Defendant Lewis, began destroying the plaintiff's landscaping after he attended township meetings and complained about his elected officials.  Seltzer further alleges that the destruction of his property "continued and persisted" after the plaintiff subsequently complained about those activities at township meetings. (Compl. ¶¶ 15, 27).  Per Seltzer, the defendants chose to target his property on Schuylkill Mountain Road versus other property owners who had placed fencing and shrubbery in the township's right of way. (See id. ¶¶ 17-18, 25).  Such

9

allegations provide timing plus other evidence of ongoing antagonism by the defendants.  Defendants' motion to dismiss Seltzer's First Amendment retaliation claim will thus be denied.

### b. Seltzer's Fourteenth Amendment Substantive Due Process Claim

Seltzer also contends that the defendants deprived him of the rights protected by the Fourteenth Amendment.  The Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND XIV, § 1.  The Due Process Clause contains a substantive component "that bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.' " Zinermon v. Burch, 494 U.S. 113, 125 (1990)(quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)).   Two "threads" or "lines" of substantive due process actions exist, one relating to legislative action and the other relating to non-legislative action. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 155 (3d Cir. 2018); Am. Exp. Travel Related Servs., Inc. v. Sidamon-Eristoff, 669 F.3d 359, 366 (3d Cir. 2012).

Seltzer's complaint alleges non-legislative action by the defendants or at least action taken by township supervisors and a township employee outside of the legislative process.  Seltzer must thus first establish that he has a property interest protected by the Fourteenth Amendment. See Nicholas v. Pennsylvania

State Univ., 227 F.3d 133, 139–40 (3d Cir. 2000)(citation omitted). Consequently, "to state a substantive due process claim, 'a plaintiff must have been deprived of a *particular quality* of property interest.' " Id. at 140 (3d Cir. 2000)(quoting DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592, 598 (3d Cir. 1995)(emphasis in original)). "[T]his particular quality 'depends on whether that interest is 'fundamental' under the United States Constitution.' " Newark Cab Ass'n, 901 F.3d at 155 (quoting Nicholas, 227 F.3d at 140). To date, the only protected property interest deemed fundamental by the Third Circuit Court of Appeals is the ownership of real property. Id. (citing Nicholas, 227 F.3d at 141). Seltzer's complaint plainly meets this first requirement.

Non-legislative action, such as the type alleged here, only violates substantive due process when it shocks the conscience. United Artists Theatre Cir., Inc. v. Twp. of Warrington, PA, 316 F.3d 392, 399–400 (3d Cir. 2003). This test "is designed to avoid converting federal courts into super zoning tribunals[,]" and "[w]hat shocks the conscience is only the most egregious official conduct." Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 285 (3d Cir. 2004)(internal quotation marks and citation omitted). But, "the meaning of this standard varies depending on the factual context." United Artists Theatre Cir., Inc. 316 F.3d at 400 (collecting differing cases as examples).

Accepting the facts in Seltzer's complaint as true, the defendants destroyed a portion of the plaintiff's property with a stated reason that it was within the township's right-of-way and posed a "safety hazard."  Seltzer takes the position that the destruction of his landscaping resulted from his public participation in township meetings, scrutiny of the township's expenditures, and criticism of his elected officials' performance of their duties for more than a decade.  While these allegations are troubling on their face, Seltzer does not aver facts that would place this dispute into the realm of "the most egregious official conduct."  There are no allegations of corruption, self-dealing, or allegations of bias against a minority racial, ethnic, or religious group and Seltzer has also not alleged a taking or a virtual taking of his property.  See Eichenlaub, 385 F.3d at 285–86.  Accordingly, Seltzer's substantive due process claim will be dismissed.

### c. Seltzer's Fourteenth Amendment Procedural Due Process Claim

Defendants also move to dismiss Seltzer's claim that the defendants violated his procedural due process rights.  The Due Process Clause of the Fourteenth Amendment encompass a guarantee of fair procedure, see Zinermon, 494 U.S. at 125, and protects the "opportunity to be heard 'at a meaningful time and in a meaningful manner[,]' " City of Los Angeles v. David, 538 U.S. 715, 717 (2003) (quoting Mathews v. Eldridge, 424 U.S. 319, 335 (1976)).

12

"To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.' " Hill v. Borough of Kutztown, 455 F.3d 225, 233–34 (3d Cir. 2006)(citation omitted). Having concluded that Seltzer sufficiently alleged a deprivation of an interest protected by the Fourteenth Amendment, the question is whether the plaintiff has plausibly alleged that the procedures available to him did not provide him with due process of law.

Assuming the truth of Seltzer's allegations, he alleges that he responded to Defendant Lewis's destruction of his property by bringing the matter to the attention of the other individual defendants at a public meeting. He alleges that the defendants not only failed to remedy the situation, but the destruction of his property also continued in the face of his complaints.

Pennsylvania's Second Class Township Code, however, provides a statutory remedy regarding road complaints:

> If any complaint alleges that the public roads and highways of any township are not maintained in accordance with law, the court may appoint three persons who shall examine the highways and report the findings to the court. In these cases, the complainants shall first enter security, in a sum as the court may fix, to pay all costs.

53 PA. STAT. § 67303.

13

Seltzer does not allege that he availed himself of the above process in state court. Seltzer also does not allege that this statutory remedy fails to provide procedural due process. Consequently, his Fourteenth Amendment procedural due process claim will be dismissed.

### d. Seltzer's Fourteenth Amendment Equal Protection Claim

Seltzer's complaint also alleges that the defendants violated his equal protection rights. The Fourteenth Amendment provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. AMEND XIV, § 1.

The type of equal protection claim asserted in this case is known as a "class of one" claim. "[S]uccessful equal protection claims may be brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)(per curiam). "[A] class of one can attack intentionally different treatment if it is irrational and wholly arbitrary." Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 286 (3d Cir. 2004)(quoting Olech, 528 U.S. at 564))(cleaned up). "An essential element of a claim of selective treatment under the Equal Protection Clause is that the comparable parties were 'similarly situated.' " Startzell v. City of Philadelphia, 533 F.3d 183, 203 (3d Cir. 2008) (quoting Hill v. City of Scranton,

411 F.3d 118, 125 (3d Cir. 2005)).  "Persons are similarly situated under the Equal Protection Clause when they are alike 'in all relevant aspects.' " Id. (quoting Nordlinger v. Hahn, 505 U.S. 1, 10 (1992)).

Defendants argue that Seltzer has included the township's rational basis in his complaint, that is, the plaintiff has alleged being informed that weeds were creating a safety hazard along Schuylkill Mountain Road.  For his part, however, Seltzer has alleged facts calling this proffered reason into question.  Seltzer's complaint describes instances of allegedly unjustified harassment and refers to other similarly situated landowners on the same roadway that did not receive the same treatment.  He alleges that the defendants intentionally targeted and singled out his property for removal of "safety hazards" and not other properties that had fences or shrubbery abutting the same byway. (Doc. 1, Compl. ¶¶ 17-18).  Such allegations accuse the defendants of the irrational and wholly arbitrary application of township roadway laws and implicate that they acted solely based on Seltzer's status as a disfavored speaker at township meetings.  Such allegations move the plaintiff's claim into the realm of plausibility.  Defendants' motion to dismiss Seltzer's equal protection claim will thus be denied.

### e. Claims Against Defendants Brennan, Ingaglio, Joy, and Lewis

Defendants also challenge the form of Seltzer's allegations and argue that the style of the plaintiff's complaint does not comport with the requirements of the

Federal Rules of Civil Procedure and Third Circuit case law. For example, defendants' brief in support of the motion to dismiss argues that the complaint does not sufficiently allege personal involvement by all defendants or whether they were the township's elected officials at the time these events occurred. (Doc. 10 at 6). Additionally, the motion to dismiss argues that Seltzer's references to the defendants as a whole fail to give the individual defendants fair notice of the claims against them. (Id. at 11). The court disagrees.

In Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020)(citing Rode, 845 F.2d at 1207). Personal involvement may be demonstrated by a defendant's direct wrongful conduct or through evidence of "personal direction" or "actual knowledge and acquiescence." Id. Seltzer's allegations against Defendant Lewis as the township roadmaster are specific as to his alleged wrongful conduct. After reviewing the complaint, his allegations also contain an appropriate level of particularity to plausibly allege the involvement of each township supervisor named as a defendant in this action. As for Defendants Brennan, Ingaglio, and Joy, reasonable inferences may be drawn from Seltzer's allegations that all three

township supervisors were involved directly or knew of such conduct by Defendant Lewis and either condoned or acquiesced to those actions. As indicated above, Seltzer alleges that he brought his issues with Defendant Lewis to the attention of the other individual defendants at public meetings, but more damage and destruction of the plaintiff's property continued after he raised these issues. Such allegations are sufficient to support claims against the individual defendants subject to further testing in this litigation. To the extent that defendants' motion seeks dismissal of these individual defendants for lack of factual specificity, the motion will be denied.

### f. Qualified Immunity

As an alternative to the arguments addressed above, the individual defendants also assert qualified immunity. [3] The doctrine of qualified immunity shields government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation[.]" Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

---

[3] Of note, defendants dedicated just two paragraphs of their brief in support to their qualified immunity arguments. Plaintiff countered these arguments in his brief in opposition. Defendants, however, did not address qualified immunity at all in their reply brief.

The two-part qualified immunity test is well settled. <u>Montemuro v. Jim Thorpe Area Sch. Dist.</u>, 99 F.4th 639, 642 (3d Cir. 2024) (citing <u>Anglemeyer v. Ammons</u>, 92 F.4th 184, 188 (3d Cir. 2024)).  Under the first prong, a court must decide whether the facts alleged make out a violation of a constitutional right. <u>Pearson v. Callahan</u>, 555 U.S. 223, 232 (2009)(citation omitted).  Under the second prong, "the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." <u>Id.</u> (citation omitted).

In considering qualified immunity, the court may address the prongs of this test in any order. <u>Id.</u> at 236.  By nature of the court's analysis above, it has already been determined that Seltzer has plausibly pled a First Amendment retaliation claim and a Fourteenth Amendment equal protection claim.  All that remains to be decided is whether Seltzer's rights were clearly established at the time of the individual defendants' alleged misconduct.

"A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.' " <u>Mullenix v. Luna</u>, 577 U.S. 7, 11 (2015) (quoting <u>Reichle v. Howards</u>, 566 U.S. 658, 664 (2012)).  Under Supreme Court precedent, "the clearly established right must be defined with specificity." <u>City of Escondido, Cal. v. Emmons</u>, 586 U.S. 38, 42 (2019).  The court thus frames the right considering the specific context of the case, as the right needs to be specific enough to put every

reasonable official on notice of it.  See Fields v. City of Philadelphia, 862 F.3d 353, 361 (3d Cir. 2017) (citation omitted).

"To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent. The rule must be settled law. . .which means it is dictated by controlling authority or a robust consensus of cases of persuasive authority." District of Columbia v. Wesby, 583 U.S. 48, 63 (2011). Clearly established rights are derived either from binding United States Supreme Court and Third Circuit Court of Appeals precedent or from a robust consensus of cases of persuasive authority from other circuits.  See James v. N.J. State Police, 957 F.3d 165, 170 (3d Cir. 2020); Bland v. City of Newark, 900 F.3d 77, 84 (3d Cir. 2018)).  A case directly on point is not required, "but existing precedent must have placed the statutory or constitutional question beyond debate." Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011).  Moreover, "[o]fficials can still be on notice that their conduct violates established law even in novel factual circumstances because a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question, even though the very action in question has not previously been held unlawful." Williams v. Sec'y Pennsylvania Dep't of Corr., 117 F.4th 503, 515 (3d Cir. 2024)(quoting Hope v. Pelzer, 536 U.S. 730, 741 (2002))(cleaned up). "[C]ommon sense may dictate that a constitutional violation has occurred where

19

a constitutional violation is 'so obvious' that a government official has 'fair warning' that the conduct is unconstitutional." Id. (quoting Hope, 536 U.S. at 741).

Defendants argue: "There is no binding appellate law precluding a municipality from clearing hazardous shrubbery from its right of way." (Doc. 10, Def. Br. in Supp. at 12). The defendants' framing of the case, however, does not reflect all the allegations found in Seltzer's complaint. Several propositions are controlling based on Seltzer's series of averments. The plaintiff's First Amendment speech and petition rights are "essential to freedom." See Borough of Duryea, Pa., 564 U.S. at 382, 388. Moreover, "the law is settled that…the First Amendment prohibits government officials from subjecting an individual to retaliatory actions…for speaking out[.]" Hartman v. Moore, 547 U.S. 250, 256 (2006).

As for Seltzer's equal protection claim against the individual defendants, "class of one" claims in the land use context are recognized where a plaintiff has alleged that he has been intentionally treated differently from others similarly situated and rational basis exists for the difference in treatment. Olech, 528 U.S. at 564. The Supreme Court has further explained that municipalities should apply legislative or regulatory classifications in the property context "without respect to persons." See Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 602

20

(2008)(citation omitted).   Thus, municipalities have been on notice for decades that, when it comes to regulating property, "irrational and wholly arbitrary" conduct may impose liability for violations of the Equal Protection Clause. Id. at 601–02 (discussing Olech, 528 U.S. 564–65).  Olech specifically involved easements. 528 U.S. at 563.  A right-of-way is an easement. Berwick Twp. v. O'Brien, 148 A.3d 872, 883 (Pa. Commw. Ct. 2016)(citing Amerikohl Mining Co., Inc. v. Peoples Natural Gas, 860 A.2d 547 (Pa. Super. Ct. 2004); Merrill v. Mfrs. Light & Heat Co., 409 Pa. 68, 185 A.2d 573, 575 (1962)).  The factual distinctions between the easement in Olech and the easement in this case are immaterial. Consequently, because Seltzer's "class of one" equal protection allegations set forth that he has been singled out by his local government in its treatment of landowners along the same township road regarding the same right-of-way, the individual defendants' qualified immunity arguments are rejected.

## 2. Seltzer's Municipal Liability Claim

Seltzer's second claim asserts a Section 1983 claim against South Manheim Township.  Defendants move to dismiss this claim, asserting that the plaintiff's allegations fail to comport with the law regarding municipal liability.

A municipality may be liable under Section 1983 "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." Connick v. Thompson, 563 U.S. 51, 60

21

(2011)(citing Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978)(internal

quotation marks removed).  "[I]n Monell, the Court held that 'a municipality

cannot be held liable' solely for the acts of others, e.g., 'solely because it

employs a tortfeasor.' But the municipality may be held liable 'when execution of

a government's policy or custom ... inflicts the injury.' " Los Angeles Cnty., Cal. v.

Humphries, 562 U.S. 29, 36, (2010)(quoting Monell, 436 U.S. at 691,

694)(emphasis removed).  Importantly, "[a] municipality may be held liable

pursuant to 42 U.S.C. § 1983 only if a plaintiff is able to identify such a policy or

custom." Baloga v. Pittston Area Sch. Dist., 927 F.3d 742, 761 (3d Cir.

2019)(citation omitted).  Although Selzer's second claim is titled "failure to train,

supervise, and discipline employee," the court does not construe such labels as

limiting the plaintiff's pleading to a single theory of municipal liability.

   "Official municipal policy includes the decisions of a government's

lawmakers, the acts of its policymaking officials, and practices so persistent and

widespread as to practically have the force of law." Connick, 563 U.S. at 61

(2011)(citations omitted).  A policy need not be passed by a legislative body, or

even be in writing, to constitute an official policy; a pertinent decision by an

official with decision-making authority on the subject constitutes an official policy.

Porter v. City of Philadelphia, 975 F.3d 374, 383 (3d Cir. 2020)(citing Pembaur v.

City of Cincinnati, 475 U.S. 469, 483-84 (1986)) .

Assuming the facts of Seltzer's complaint to be true, he has identified several township policies or customs in his complaint through the actions of Defendants Brennan, Ingaglio, and Joy, the individual township supervisors: 1) consciously and deliberately overlooking the acts of Defendant Lewis, the roadmaster; 2) condoning and/or ratifying his misconduct; and 3) tolerating a pattern of his misconduct. (Doc. 1, Compl. ¶ 37). Under <u>Monell</u>, a custom cannot usually be established by a one-time occurrence. <u>Solomon v. Philadelphia Hous. Auth.</u>, 143 F. App'x 447, 457 (3d Cir. 2005)(citing <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 823–24 (1985)). Seltzer, however, has alleged that "condoning of misconduct was so comprehensive and well known [that] Lewis was emboldened to blatantly violate the constitutional rights of [p]laintiff." (Doc. 1, Compl. ¶ 37). Consequently, Seltzer's complaint has alleged at least one unconstitutional policy or custom: the township supervisors authorized Defendant Lewis to recurrently target the plaintiff's property versus others on Schuylkill Mountain Road based on the plaintiff's speech.

Regarding the allegations that South Manheim Township failed to train, supervise, and discipline Defendant Lewis, Seltzer has also plausibly alleged that theory of liability. "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983."

Connick, 563 U.S. at 61.  "To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.' " Id. (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)(alterations in original)).  "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train. Id., 563 U.S. at 62 (quoting Board of Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 409 (1997)). Seltzer's allegations mark a pattern, that is: 1) Defendant Lewis chose to damage the plaintiff's property on more than one occasion; 2) the township supervisors knew of the conduct either before it occurred or based upon the plaintiff's reporting; and 3) Defendant Lewis continued damaging the plaintiff's property after the township's elected officials received the plaintiff's complaints at a public meeting.  With such allegations, the plaintiff has also plausibly alleged a municipal liability claim based on the alleged failure to train, supervise, and discipline Defendant Lewis.

### 3. Punitive Damages

Defendants also move to dismiss Seltzer's request for punitive damages regarding his Section 1983 claims.  Seltzer cannot recover punitive damages from South Manheim Township as a matter of law. See City of Newport v. Facts Concerts, Inc., 453 U.S. 247, 271 (1981).  The plaintiff appears to concede this

point by neglecting to offer a counterargument in his brief in opposition. (Doc. 11, at 18-19). So, his claim for punitive damages will be dismissed as raised against the municipality.

As for the individual defendants sued in their individual capacity, Seltzer may recover punitive damages under Section 1983 "where the 'defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.' " Sec. & Data Techs., Inc. v. Sch. Dist. of Philadelphia, 145 F. Supp. 3d 454, 469 (E.D. Pa. 2015)(quoting Smith v. Wade, 461 U.S. 30, 56 (1983)). The complaint contains allegations, assumed to be true at this stage, that Defendants Brennan, Ingaglio, Joy, and Lewis acted with the requisite mental state sufficient to support a claim for punitive damages. The motion to dismiss Seltzer's punitive damages requests against the individual defendants will thus be denied.

### 4. Seltzer's IIED Claim

Seltzer's third claim advances a state law cause of action for IIED, which defendants' likewise move to dismiss. Under Pennsylvania law, the plaintiff must prove the following: (1) conduct that is extreme and outrageous; (2) conduct that is intentional or reckless; (3) conduct that causes emotional distress; and (4) distress that must be severe. See Chuy v. Philadelphia Eagles Football Club, 595 F.2d 1265, 1273 (3d Cir. 1979)(applying Pennsylvania law).

25

Defendants argue that the complaint fails to allege facts demonstrating that their conduct was "extreme and outrageous."  Liability on an IIED claim "has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Reedy v. Evanson, 615 F.3d 197, 231–32 (3d Cir. 2010)(quoting Field v. Phila. Elec. Co., 565 A.2d 1170, 1184 (Pa. Super. Ct. 1989)). Regarding this element, Pennsylvania law directs that "it is for the court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous to permit recovery." Swisher v. Pitz, 868 A.2d 1228, 1231 (Pa. Super. Ct. 2005).

Conduct found to be outrageous includes: "(1) killing the plaintiff's son with an automobile and then burying the body, rather than reporting the incident to the police; (2) intentionally fabricating documents that led to the plaintiff's arrest for murder; and (3) knowingly releasing to the press false medical records diagnosing the plaintiff with a fatal disease." Dull v. W. Manchester Twp. Police Dep't, 604 F. Supp. 2d 739, 756 (M.D. Pa. 2009)(citing Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998)(further citations omitted)).

Assuming the allegations in Seltzer's complaint to be true, the conduct of all defendants in the destruction of the plaintiff's landscaping is not sufficiently

extreme and outrageous to support an IIED claim under Pennsylvania law.

Accordingly, Seltzer's IIED claim will be dismissed with prejudice.

### 5. Seltzer's Remaining Negligence-Based Claims

In Counts 4-7 of the complaint, Seltzer advances three negligence claims

and a claim for *respondeat superior* under Pennsylvania law.  Defendants move

to dismiss based on the immunity provided by the Pennsylvania Political

Subdivision Tort Claims Act, 42 PA. CONS. STAT. § 8542.   In response to the

motion to dismiss, Seltzer concedes that his negligence-based claims do not fall

within the exceptions to immunity carved out by that statute. (Doc. 11, Br. in Opp.

at 18).  Consequently, the plaintiff's negligence claims in Claims 4, 5, 6, and 7

will be dismissed with prejudice.

### 6. Leave to Amend

The Third Circuit Court of Appeals has advised that "if *a complaint* is

vulnerable to 12(b)(6) dismissal, a district court must permit a curative

amendment, unless an amendment would be inequitable or futile." Phillips, 515

F.3d at 236 (citations omitted)(emphasis added); see also Fletcher-Harlee Corp.

v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251–53 (3d Cir. 2007)

(discussing the "amendment rule" as applied to civil rights and non-civil rights

cases).  Here, Seltzer's entire civil rights complaint is not being dismissed.

Rather, the court has concluded above that only Seltzer's Section 1983

substantive and procedural due process claims are subject to dismissal. Accordingly, leave to amend will not be granted automatically under the "amendment rule" applicable in civil rights cases where the entire complaint fails to state a claim. The defendants should prepare their responsive pleading in accordance with the Federal Rules of Civil Procedure.

In his brief in opposition, however, Seltzer has requested the ability to amend if the defendants' motion to dismiss is granted in whole or in part. (Doc. 11 at 19). That request will be granted as to Seltzer's Section 1983 claims. Consequently, Seltzer's substantive and procedural due process claims will be dismissed without prejudice. Plaintiff may file a motion to amend regarding those claims within the next thirty (30) days. Any motion to amend shall comport with the requirements set forth in the Rules of Court for the Middle District of Pennsylvania. See M.D.PA. L.R. 15.1(a)-(b). Should Seltzer fail to file a motion to amend within this timeframe, the dismissals of his substantive and procedural due process claims will convert to dismissals with prejudice and this case will move forward with the complaint serving as the operative pleading.

**Conclusion**

For the reasons set forth above, the defendants' motion to dismiss (Doc. 9) will be granted in part and denied in part. Defendants' motion will be granted as to the plaintiff's Section 1983 claims for violation of his Fourteenth Amendment

due process rights in Count 1 of the complaint. Plaintiff, however, will be afforded thirty (30) days to file a motion to amend regarding those claims. Defendants' motion to dismiss will also granted regarding plaintiff's state law claims in Counts 3-7 of the complaint. Counts 3-7 will be dismissed with prejudice. Seltzer's request for punitive damages against South Manheim Township will be dismissed with prejudice. Defendants' motion to dismiss will be denied in all other respects.   An appropriate order follows.

Date: 4/17/25

JUDGE JULIA K. MUNLEY
United States District Court