## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FLOYD SELTZER, JR.,            :     No. 3:24cv1142
       **Plaintiff**              :

                       :     **(Judge Munley)**

   **v.**                        :

                       :

**SOUTH MANHEIM TOWNSHIP, by**  :
**and through their elected officials,**  :
**JOHN BRENNAN, SALVADOR**  :
**INGAGLIO, and CHRISTY JOY and**  :
**ROADMASTER KERBY LEWIS,**  :
       **Defendants**           :

## ORDER

Before the court is a motion for summary judgment filed by the defendants. (Doc. 34). Accompanying the motion is a concise statement of material facts, (Doc. 35), and brief in support, (Doc. 36), as required by the Rules of Court for the Middle District of Pennsylvania ("Local Rules").

On December 19, 2025, Plaintiff Floyd Seltzer, through counsel, filed a brief in opposition to the motion for summary judgment. (Doc. 36). Pursuant to the Local Rules, "[t]he papers opposing a motion for summary judgment shall [also] include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried." M.D. Pa. L.R. 56.1. Additionally, "[s]tatements of material facts in

support of, or in opposition to, a motion shall include references to the parts of the record that support the statements." Id.

To date, a response to defendants' concise statement of material facts has not been formally filed on behalf of the plaintiff.  Under the Local Rules, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Id.  Thus, as it stands, Seltzer is at risk of having all of the matters contained within defendants' concise statement deemed admitted.

Shortly after the brief in opposition to summary judgment was filed by his counsel, Seltzer sent *pro se* and *ex parte* correspondence to the court. (Doc. 38). Plaintiff's counsel, Michael Fiorello, Esq., filed a motion to strike that correspondence. (Doc. 40).  The undersigned subsequently granted the motion to strike and indicated that it would not consider such correspondence in conjunction with the motion for summary judgment.  (Doc. 41).

Thereafter, three months later, on April 2, 2026, the Clerk of Court docketed additional correspondence from Seltzer. (Doc. 42).  Subsequently, on April 17, 2026, plaintiff's counsel filed a motion to withdraw, citing an attorney-client relationship that "has fractured to the point that…counsel can no longer

2

effectively represent the [p]laintiff in this matter." (Doc. 43).  The motion to withdraw is unopposed. Id.

As the result of Seltzer's additional missives to the court, defendants have filed a motion to strike that correspondence, (Doc. 44), and motion for Rule 11 sanctions based on the contents of the correspondence, (Doc. 46).  Those motions are not yet fully briefed, however, the court notes that defendants seek sanctions from Seltzer directly, not the lawyer seeking to withdraw. Id.

Upon review, portions of Seltzer's letters to the court filed on April 2, 2026 may be fairly construed as a *pro se* response to defendants' concise statement of material facts. (Doc. 42 at ECF p. 1-3).  Thus, in a way, Seltzer's letter can be considered as an effort to comply with the Local Rules where his counsel has not.

Before this case winds itself into a more procedurally complicated matter, the court will enter an order to ensure the timely and orderly disposition of all motions.  First, the court will grant Attorney Fiorello's motion to withdraw as counsel for plaintiff.   The record demonstrates that there are irreconcilable differences between plaintiff and Attorney Fiorello regarding the prosecution of this case.  Second, the court will strike all but the first three pages of Seltzer's *pro se* letter to the court filed on April 2, 2026.  Those three pages will be considered as a response to defendants' concise statement of material facts in conjunction

3

with the motion for summary judgment.  The remainder of the correspondence is disregarded.

Finally, it would be unfair to consider defendants' motion for summary judgment without permitting Seltzer to file a full response to defendants' concise statement of material facts through substitute counsel if he so chooses. Therefore, the court will also provide a deadline for Seltzer to obtain substitute counsel and file a complete response to defendants' concise statement of material facts.

Consequently, it is hereby **ORDERED** that:

1) Michael Fiorello, Esq.'s motion to withdraw as counsel, (Doc. 43), is **GRANTED**;

2) Defendants' motion to strike, (Doc. 44), is **GRANTED** in part;

3) Seltzer's correspondence, (Doc. 42), is **STRICKEN** with the exception of the first three pages, which represent plaintiff's only response to date to the defendants' concise statement of material facts;

4) Seltzer is afforded 60 days to obtain substitute counsel;

5) Plaintiff's supplemental response to defendants' concise statement of material facts is due **on or before July 24, 2026**; and

6) The court will take no action with respect to the other pending motions, (Docs. 34, 46) until after **July 24, 2026**;

4

Date: 5/13/26

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court